**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAREY CLAYTON MILLS, | No.   17-35434 |
| Plaintiff-Appellant, | D.C. No. 4:10-cv-00033-RRB |
| v. | |
| SCOTT WOOD; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| KURT KANAM, | |
| Intervenor-Defendant-<br>Appellee. | |

| | |
|---|---|
| CAREY CLAYTON MILLS, | No.   17-35459 |
| Plaintiff-Appellee, | D.C. No. 4:10-cv-00033-RRB |
| v. | |
| DOYON LIMITED, | |
| Defendant-Appellant, | |
| and | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
SCOTT WOOD and HUNGWITCHIN
CORPORATION,

        Defendants,

KURT KANAM,

        Intervenor-Defendant.
```

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 11, 2018[**]
Anchorage OldFedBldg, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Carey Mills appeals the district court's grant of summary judgment to Defendants Scott Wood, Kurt Kanam, Doyon Limited, and Hungwitchin Corporation in his dispute regarding access to his mining claims via the Fortymile Station Eagle Trail ("the Trail"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Given that Alaska has designated a public right-of-way for the Trail, the district court did not err in holding that any rights to access that Mills may have in the Trail are limited to the rights of the general public, which include ingress and egress but not construction. Thus, the district court properly held that Mills was not entitled to improve the Trail to access his mining claims. Given this holding, the district court properly declined to define the precise location of the Trail because it was irrelevant to the court's holding.[1]

The record supports the district court's conclusion that Mills did not produce any evidence suggesting he had suffered a compensable injury caused by Wood, Kanam, Doyon, or Hungwitchin. Disputing the existence of a right-of-way throughout the course of litigation does not constitute a physical denial of access. Mills's other arguments are similarly meritless.

Mills identifies no abuse of discretion under 28 U.S.C. § 2202 or in the court's order regarding attorney's fees.

Because Doyon ultimately prevailed, we need not consider its cross-appeal challenging the court's earlier denial of summary judgment.

**AFFIRMED.**

---

[1] The district court also properly noted that a future quiet title action could have an effect on the determination of rights-of-way on the Trail, but to do so in the absence of a quiet title action would be premature.